ESTATE OF ABRAHAM J. LEVINSKY, IRVING M. COHEN, EXECUTOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Levinsky v. Commissioner
Docket No. 15826-81.
United States Tax Court
T.C. Memo 1982-544; 1982 Tax Ct. Memo LEXIS 205; 44 T.C.M. (CCH) 1176; T.C.M. (RIA) 82544; September 21, 1982. Gerald B. Berg, for the petitioner. Barry J. Laterman, for the respondent. NIMS
MEMORANDUM OPINION NIMS, Judge: This case is before us on respondent's motion to dismiss for lack of jurisdiction. On April 1, 1981, respondent mailed to petitioner by certified mail a statutory notice of deficiency determining a deficiency in petitioner's estate tax of $227,895.58. On June 30, 1981, the 90th day after the notice of deficiency *206 was mailed (and not a Saturday, Sunday or legal holiday in the District of Columbia), petitioner delivered an envelope containing the petition in this case to an office of the Federal Express Corporation. On July 1, 1981, the envelope was delivered to the Tax Court and the petition was filed. Respondent contends that we lack jurisdiction of this matter because petitioner did not file the petition in this case within 90 days of the mailing of the notice of deficiency, as required by section 6213(a). [1]
Petitioner, on the other hand, claims that we do have jurisdiction to hear his case because, he argues, the placing of a petition into the hands of the Federal Express Corporation, a "federally sanctioned" common carrier, on the 90th day falls within the provisions of section 7502 which, in certain circumstances, treats timely mailing as timely filing. Section 7502 provides, in relevant part: SEC. 7502. TIMELY MAILING TREATED AS TIMELY FILING AND PAYING. (a) GENERAL RULE. -- (1) DATE OF DELIVERY. -- If any return, claim, statement, *207 or other document required to be filed, or any payment required to be made, within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such return, claim, statement, or other document is required to be filed, or to which such payment is required to be made, the date of the United States postmark stamped on the cover in which such return, claim, statement, or other document, or payment, is mailed shall be deemed to be the date of delivery or the date of payment, as the case may be. (b) POSTMARKS.--This section shall apply in the case of postmarks not made by the United States Postal Service only if and to the extent provided by regulations prescribed by the Secretary. Petitioner first contends that the use of a reliable private delivery service should be deemed to be the use of the United States mail for purposes of section 7502, particularly in light of the fact that since the first enactment of section 7502 the United States Postal Service has become more like a private corporation by virtue of the Postal *208 Reorganization Act. In Blank v. Commissioner,76 T.C. 400 (1981), we held that section 7502(a) applied only to documents placed in the hands of the United States Postal Service and that the reference to "United States mail" contained in that section did not include private delivery services. [2] We respectfully decline the proffered opportunity to reconsider our decision in Blank.
Unfortunately, we additionally find no merit in petitioner's argument that because of the Postal Reorganization Act, there really no longer is a "United States mail" and thus the Federal Express Corporation stands on the same footing as the United States Postal Service. In section 1906(a)(49) - part of the "deadwood" provisions - of the Tax Reform Act of 1976, P.L. 94-455, 90 Stat. 1831, Congress changed the reference in section 7502(b) from "United States Post Office" to "United States Postal Service." This change was made specifically to reflect the Postal Reorganization Act. See H. Rept. No. 94-658 (1975), 1976-3 (Vol. 2) C.B. 1110; S. Rept. No. 94-938 (1976), 1976-3 (Vol. 3) C.B. 579. We think this *209 modification evidences Congress' intent that references to "United States mail" contained in the remainder of section 7502 were meant to refer henceforth only to the United States Postal Service and not merely to any reliable national mail delivery service. Petitioner's other argument is that the Federal Express Corporation's handwritten notation of the date of receipt of his envelope should be deemed to satisfy the regulations promulgated under section 7502(b) for "postmarks not made by the United States Postal Service," particularly section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs. [3] In Blankv. Commissioner,supra, we held that the provisions of this regulation, cited by petitioner, were only applicable in cases where the envelope, after postmarking by a private postage meter, was subsequently deposited in the United States mail. 76 T.C. at 405-406. Accordingly, that regulation is of no avail to petitioner. *210 Since petitioner cannot take advantage of the timely mailing - timely filing rules of section 7502, his petition in this Court was not timely inder section 6213(a). Accordingly, respondent's motion must be granted. An appropriate order will be entered.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as in effect during the year in issue.↩
2. See also Wilson v. Commissioner,T.C. Memo. 1980-258↩.
3. Section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs., provides as follows: (b) If the postmark on the envelope or wrapper is made other than by the United States Post Office, (1) the postmark so made must bear a date on or before the last date, or the last day of the period, prescribed for filing the document, and (2) the document must be received by the agency, officer, or office with which it is required to be filed not later than the time when a document contained in an envelope or other appropriate wrapper which is properly addressed and mailed and sent by the same class of mail would ordinarily be received if it were postmarked at the same point of origin by the United States Post Office on the last date, or the last day of the period, prescribed for filing the document. However, in case the document is received after the time when a document so mailed and so postmarked by the United States Post Office would ordinarily be received, such document will be treated as having been received at the time when a document so mailed and so postmarked would ordinarily be received, if the person who is required to file the document establishes (i) that it was actually deposited in the mail before the last collection of the mail from the place of deposit which was postmarked (except for the metered mail) by the United States Post Office on or before the last date, or the last day of the period, prescribed for filing the document, (ii) that the delay in receiving the document was due to a delay in the transmission of the mail, and (iii) the cause of such delay. If the envelope has a postmark made by the United States Post Office in addition to the postmark not so made, the postmark which was not made by the United States Post Office shall be disregarded, and whether the envelope was mailed in accordance with this subdivision shall be determined solely by applying the rule of (a↩) of this subdivision.